UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN THE MATTER OF THE APPLICATION OF
ISABELLA HRANOV FOR AN ORDER TO
TAKE DISCOVERY PURSUANT TO 28
U.S.C.  § 1782
------------------------------------------------------------x

21-mc-751 (PKC)

ORDER ON RECONSIDERATION

CASTEL, U.S.D.J.

       In a filing captioned as a Motion for Reconsideration, applicant Isabella Hranov requests that the Court re-open this proceeding so that she can serve a subpoena on Deutsche Bank Trust Company ("DBTC") pursuant to 28 U.S.C. § 1782.  (Docket # 29.)  Hranov's initial application, which was brought ex parte, sought discovery in aid of a foreign proceeding from either Deutsche Bank AG ("Deutsche Bank"), or, alternatively, DBTC.  The Court granted Hranov's motion and has not thereafter restricted her from serving a subpoena on DBTC.  The Court will direct the Clerk to re-open this case for the purpose of terminating Hranov's motion.

       Hranov's initial application sought discovery from DBTC as an alternative to obtaining discovery from Deutsche Bank.  See Docket #1 (ex parte notice of motion "for an order permitting [Hranov] to obtain discovery pursuant to 28 U.S.C. § 1782 from the following persons found in this district: (1) Deutsche Bank AG or, alternatively, (2) Deutsche Bank Trust Corporation.") (emphasis added); Docket # 4 at 6 ("Hranov requests that the Court authorize the issuance of a subpoena to DB or, if for jurisdictional reasons DB cannot be served in New York, then DBTC.").  In granting Hranov's initial, ex parte application, the Court observed: "Applicant does not seek to issue a subpoena to both entities.  Applicant appears to be at sea as to the proper party to serve but that is Applicant's responsibility to determine and not the Court's, especially in the ex parte context."  (Id. at 1 n.1.)

Hranov subsequently served a subpoena on Deutsche Bank.  Deutsche Bank appeared and filed a motion to quash, which the Court granted.  See Matter of Hranov, 2022 WL 1261827 (S.D.N.Y Apr. 28, 2022).  The Court's Opinion and Order (the "Opinion") concluded that Hranov failed to demonstrate that Deutsche Bank is "found" in this District, as required by section 1782(a).  See id.  The Opinion also concluded that if Hranov had demonstrated that Deutsche Bank is "found" in this District, the application would be denied under the first and fourth discretionary factors of Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004).

The Opinion referenced DBTC once in passing and did not purport to adjudicate any issue related to DBTC.  In her current motion, Hranov asserts that in contrast to Deutsche Bank, DBTC is subject to general personal jurisdiction in this District and thus satisfies the mandatory factors of section 1782(a).  She also asserts that the first discretionary Intel factor is not an impediment to a subpoena of DBTC because DBTC is not a party to the underlying litigation, and that the breadth of her request satisfies the fourth Intel factor.[1]

Hranov herself styled the initial application as a choice between serving a Rule 45 subpoena on Deutsche Bank or DBTC.  This Court has not prevented Hranov from seeking discovery from DBTC.  In the event that Hranov serves a subpoena upon DBTC, it is free to appear in this case and make whatever application to the Court that it deems appropriate.

Deutsche Bank opposes this motion, arguing that Hranov is not entitled to "an automatic backup subpoena," and characterizes the present motion as "perverse and

---

[1] As to the fourth Intel factor, Hranov correctly observes that the Second Circuit has stated that "to the extent a district court finds that a discovery request is overbroad, before denying the application it should ordinarily consider whether that defect could be cured through a limited grant of discovery."  Mees v. Buiter, 793 F.3d 291, 302 (2d Cir. 2015).  That guidance should not be mistaken as a license for an applicant to strategically propose sweeping document demands with the expectation that the Court will be responsible for crafting a more focused alternative on the applicant's behalf.

presumptuous." (Opp. Mem. at 3.) However, service of a subpoena to DBTC would not result in any unfair prejudice to Deutsche Bank, which successfully moved to quash her subpoena.

The Court has considered the other arguments raised by Hranov. It adheres to the Opinion's reasoning as to the application of <u>In re Del Valle Ruiz</u>, 939 F.3d 520 (2d Cir. 2019). Hranov separately points out that her application to Deutsche Bank sought documents for a period of 2006 through present, and that the Opinion incorrectly stated that the application included no date limitations. In light of the Opinion's conclusion that the application to Deutsche Bank did not satisfy the mandatory factors of section 1782(a), the misstatement about the date limitations of Hranov's document requests does not warrant reconsideration of the Opinion.

The Clerk is directed to re-open this case for the purpose of terminating the motion. (Docket # 29.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      November 29, 2022